UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AMY HARKINS,

                  Plaintiff,

     v.

CITIZENS BANK NATIONAL ASSOCIATION,

                  Defendant.

**DECISION AND ORDER**

6:24-CV-06649 EAW

---

## INTRODUCTION

*Pro se* plaintiff Amy Harkins ("Plaintiff") filed this action against defendant Citizens Bank National Association ("Defendant" or "Citizens"). (Dkt. 1). Currently before the Court are several motions, including: Plaintiff's motion for miscellaneous relief (Dkt. 3); Plaintiff's motion for a subpoena (Dkt. 4); Defendant's motion to dismiss Plaintiff's complaint and request for sanctions (Dkt. 9); Plaintiff's motion to file an amended complaint (Dkt. 11); and Plaintiff's motion to appoint counsel (Dkt. 12).

For the reasons that follow, Defendant's motion to dismiss (Dkt. 9) is granted, the request for sanctions is denied, and the case is dismissed. Plaintiff's motion to amend (Dkt. 11) is denied as futile, and Plaintiff's remaining motions (Dkt. 3; Dkt. 4; Dkt. 12) are denied as moot.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are taken from Plaintiff's complaints. As required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

- 1 -

Plaintiff filed her complaint on November 12, 2024, alleging that Defendant discriminated against her because she is mentally ill. (Dkt. 1 at 1, 5). Plaintiff alleges that Defendant has accused her of illegal and unethical actions and denied her settlement services for two charge-off accounts in 2020. (*Id*. at 5; *see also* Dkt. 3 at 23). Plaintiff alleges that Defendant caused her emotional distress and claims $80,000 in damages. (Dkt. 1 at 5-6). Plaintiff also filed a motion for miscellaneous relief seeking to "allow old evidence," including evidence of a previous settlement with Comenity Bank as it relates to this case (Dkt. 3), and a motion for a subpoena for an individual from the Greece Community Federal Credit Union (Dkt. 4).

Thereafter, on December 18, 2024, Plaintiff filed an amended complaint, and on December 30, 2024, she filed a motion to file the amended complaint. (Dkt. 7 (amended complaint with exhibits); Dkt. 11 (letter seeking leave to file amended complaint)).[1] The amended complaint alleges that Defendant negligently caused Plaintiff emotional distress and discriminated against her because she is poor. (Dkt. 7 at 3). The amended complaint does not appear to allege a claim for disability discrimination, but it does include allegations that Defendant slandered her and violated her right to privacy by telling others that she is mentally unstable. (*Id*. at 7-9). Attached to the amended complaint is a letter dated November 6, 2024, from an individual named Bruce Freeman, stating that Plaintiff

---

[1] Plaintiff served her complaint on November 21, 2024. (Dkt. 6). Her amended complaint is dated December 15, 2024. (Dkt. 7). Accordingly, she was required to seek the Court's permission to file an amended pleading. *See* Fed. R. Civ. P. 15(a)(1)(A) (party may file an amended pleading once as a matter of course 21 days after serving it).

complained to him in summer 2023 that Defendant would not settle Plaintiff's accounts, and that Defendant accused Plaintiff of "doing unethical (illegal) actions." (*Id*. at 20).

Plaintiff further alleges that she made a complaint to the Consumer Financial Protection Bureau (CFPB) on August 30, 2024, complaining that Defendant slandered her and violated her right to privacy. (*Id*. at 9, 21-22 (CFPB "Summary of complaint submitted")). Specifically, Plaintiff reported that Defendant contacted Lifespan without her consent and told them she had a mental problem, and that Defendant's taking such actions violated the Gramm-Leach-Bliley Act. (*Id*. at 21-22). Plaintiff also alleges that Defendant accused her of illegally taping a "Citizens Bank phone call" during summer 2023. (*Id*. at 11).

Plaintiff's amended complaint also references two lines of credit opened with Defendant on November 3, 2017, which she alleges that she did not open. (*Id*. at 23). Plaintiff claims that Defendant's refusal to settle her charge-off accounts resulted in her being denied a loan at the Greece Community Federal Credit Union. (*Id*. at 32-33). Plaintiff attaches to the amended complaint various exhibits regarding her alleged emotional distress and documenting various physical ailments from which she suffers. (*See, e.g., id*. at 25, 28, 36-42). Shortly after filing her motion to amend, Plaintiff filed a motion to appoint counsel on January 6, 2025 (Dkt. 12), and she also filed a letter with two exhibits supplementing her amended complaint on February 3, 2025 (Dkt. 15).

Defendant filed a motion to dismiss the complaint on December 23, 2024 (Dkt. 9), and Defendant also filed a response opposing Plaintiff's motion to amend on January 13, 2025 (Dkt. 13). On February 5, 2025, the Court set a scheduling order on Defendant's

motion to dismiss, noting the motion to amend and Defendant's response thereto, and setting deadlines of February 19, 2025, and February 26, 2025, for responses and replies to the motion to dismiss. (Dkt. 16). Plaintiff responded to Defendant's motion to dismiss on February 12, 2025. (Dkt. 17).

This is not the first case Plaintiff has brought against Defendant. Plaintiff has filed two previous actions asserting the same or similar claims against Defendant, both of which were before the undersigned: *Harkins v. Citizens Bank*, Case No. 20-CV-6030 (W.D.N.Y. Jan. 13, 2020) ("*Harkins I*") and *Harkins v. Citizens Bank*, Case No. 23-CV-6601 (W.D.N.Y. Oct. 18, 2023) ("*Harkins II*"). *Harkins I* also involved claims for disability discrimination, which the Court construed as brought pursuant to the Americans with Disabilities Act ("ADA"), and for defamation, stemming from alleged interactions Plaintiff had with Defendant's employees in 2017, the alleged denial of a loan application in 2018, and Plaintiff's allegation that Defendant revealed her account information to a representative of Lifespan. (*Harkins I*, Dkt. 1; Dkt. 22; Dkt. 31). After affording Plaintiff an opportunity to amend the complaint, on September 8, 2022, the Court granted Defendant's motion to dismiss the action. (*Id.*, Dkt. 31); *see also Harkins v. Citizens Bank*, 626 F. Supp. 3d 599, 603-04 (W.D.N.Y. 2022) (concluding that "Plaintiff has failed to state a plausible claim for violation of the ADA, or any claim for disability discrimination sounding in state law, and therefore Plaintiff's disability discrimination claim is dismissed with prejudice," and declining to exercise supplemental jurisdiction over Plaintiff's defamation claim).

- 4 -

In *Harkins II*, Plaintiff alleged a claim for slander against Defendant, based on alleged conduct that occurred in 2018 and 2019, including that Defendant slandered her to Lifespan and her case manager in 2018 by telling them that Plaintiff had a mental disability and could not handle her finances. (*Harkins II*, Dkt. 1; Dkt. 14). On August 12, 2024, the Court dismissed Plaintiff's slander claim because it lacked subject matter jurisdiction. (*Id.*, Dkt. 14 at 6-7). The Court also denied leave to amend, since even if Plaintiff could establish jurisdiction, Plaintiff's slander claim would have been barred by the statute of limitations, and due to Plaintiff's repeated efforts to sue Defendant. (*Id.*, Dkt. 14 at 11-12); *see also Harkins v. Citizens Bank*, 744 F. Supp. 3d 268 (W.D.N.Y. 2024).

## DISCUSSION

### I.    Defendant's Motion to Dismiss (Dkt. 9)

Defendant has moved to dismiss the complaint with prejudice and without leave to amend, arguing that (1) Plaintiff's claims, which could have been brought via amendment to her original complaint in *Harkins I*, are barred by the doctrine of *res judicata*, and (2) the complaint fails to establish that Plaintiff has standing to bring a discrimination claim, that any discrimination claim exists, or that Plaintiff has any viable claim under New York state law. (Dkt. 9-1 at 12). Defendant also argues that Plaintiff should be enjoined from filing further vexatious litigation to prevent her from further harassing Defendant. (*Id.* at 13).

### A.    Legal Standard

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents

- 5 -

attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").

### B. Plaintiff's Disability Discrimination Claim

Defendant argues that Plaintiff's discrimination claim must be dismissed based on the doctrine of *res judicata*, since the claim asserted in the instant case is the same as the discrimination claim asserted in *Harkins I*. (Dkt. 9-1 at 16-20). Defendant further argues that, even if Plaintiff's disability discrimination claim is not barred by *res judicata*, it must be dismissed because Plaintiff has failed to plausibly allege a discrimination claim under federal or state law. (*Id*. at 21-28)

#### 1. *Res Judicata*

"[T]he doctrine of *res judicata*, or claim preclusion, provides that 'a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (citation omitted). The doctrine "evokes the common law principles of judicial economy and comity." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008). "To determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (citation omitted).

The first three elements are easily satisfied. *Harkins I* resulted in a final judgment on the merits, and Plaintiff's discrimination claim was dismissed with prejudice. *Harkins*, 626 F. Supp. 3d at 603. The Second Circuit dismissed Plaintiff's appeal because it "lack[ed] an arguable basis either in law or in fact." (*Harkins I*, Dkt. 39). The cases involve

the same parties—Plaintiff and Citizens.  In addition, the Court had jurisdiction to hear Plaintiff's ADA discrimination claim in *Harkins I*.  *See* ADA, 42 U.S.C. § 12182.

The fourth element—that the causes of action are the same—is satisfied because *Harkins I* and the instant case involve the same claim: that Defendant allegedly discriminated against Plaintiff based on an intellectual or mental disability, and the claims in the instant case could have been brought in *Harkins I*.  "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations. . . .'"  *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir. 2000) (citations omitted).  Further, "[a] claim that 'could have been raised in the prior action' is precluded by a prior judgment if the purportedly new claim 'was sufficiently related to the claims that were asserted in the first proceeding that it should have been asserted in that proceeding.'"  *Smith v. City of N.Y.*, 130 F. Supp. 3d 819, 828-29 (S.D.N.Y. 2015) (quoting *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001)), *aff'd*, 664 F. App'x 45 (2d Cir. 2016).  "The transactional approach followed in the Second Circuit treats a new claim as precluded if it is based on the 'same transaction or occurrence,' or 'nucleus of operative fact,' as the claims in the prior action." *Id*. at 829 (internal citations omitted).

In *Harkins I*, Plaintiff alleged that Defendant discriminated against her due to a "perceived mental and intellectual disability."  (*Harkins I*, Dkt. 22 at 1, 6).  Specifically, Plaintiff alleged that in 2017 and 2018, Plaintiff had various interactions with Defendant's employees, Defendant failed to approve her for a refund for money she had lost, and also

that Defendant approved her for a loan in 2018, but then failed to deposit the money. (*Id.*, Dkt. 22 at 8-24). The Court concluded that Plaintiff had failed to plausibly allege that Defendant regarded her as having an impairment substantially limiting one or more of her major life activities, and also that she had alleged no facts tying the purported refusal to give her a refund with an alleged disability. *Harkins*, 626 F. Supp. 3d at 603. In the present case, Plaintiff again alleges that Defendant engaged in "mental health discrimination." (Dkt. 1 at 1; *see also id.* at 1, 5 ("Citizens Bank has treated me unfairly because of my mental health," and it denied her settlement services for two charged-off accounts due to her mental health)). Plaintiff further alleges that Defendant has discriminated against her "for years." (*Id.* at 6).

Plaintiff's allegations in the present action are more general than her allegations in *Harkins I*. However, a review of Plaintiff's other filings in this case—specifically, the motion for miscellaneous relief in which she seeks to admit certain evidence in connection with the case (Dkt. 3)—reveals that the facts forming the basis for the present case are the same as those forming the basis for Plaintiff's complaint in *Harkins I*, or include allegations that could have been included in the amended complaint filed in *Harkins I* in January 2022. (*See, e.g.*, Dkt. 3 at 5-6 (stating that Defendant should have put a refund on her account in 2021); *id.* at 14 (describing charge-off account opened in 2017, which Defendant wrongfully reported); *id.* at 9, 14 (stating that Defendant denied her settlement of accounts, and that Defendant made "financial mistakes" on her accounts)). In other words, in both actions, Plaintiff alleges that Defendant discriminated against her based on a perceived intellectual disability, including that they denied her loans and settlements of her accounts.

- 9 -

Further, the facts forming the basis for Plaintiff's discrimination claim in the instant complaint allegedly occurred before 2022, when Plaintiff filed the amended complaint in *Harkins I*—and therefore Plaintiff could have included those claims in *Harkins I*.  *See, e.g., Townsend v. Livingston Cnty*., No. 19-CV-6636-FPG, 2023 WL 3322647, at *3 (W.D.N.Y. May 9, 2023) ("Here, Townsend's Personal Seizure Claim was not specifically addressed in the 2017 Lawsuit, but the claim is nevertheless barred by res judicata because the Personal Seizure Claim 'could have been raised' in the 2017 Lawsuit, the 2017 Lawsuit involved the same parties or those in privity with them, and the 2017 Lawsuit involved an adjudication on the merits because it was dismissed with prejudice.").  For those reasons, Plaintiff's claim based on disability discrimination is barred by *res judicata*.

### 2.  Failure to Allege an ADA violation

Even if Plaintiff's disability discrimination claim was not barred by the doctrine of *res judicata*, her claim would also be dismissed because she has failed to plausibly allege that she was discriminated against based on an intellectual disability.

The ADA, 42 U.S.C. § 12182 ("Title III"), prohibits discrimination based on disability in places of public accommodation.  To establish a Title III discrimination claim, a plaintiff must show "(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide."  *Camarillo v. Carrols Corp*., 518 F.3d 153, 156 (2d Cir. 2008).  "The ADA defines a disability as '(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or

(C) being regarded as having such an impairment (as described in paragraph (3)).'" *Alexiadis v. N.Y. Coll. of Health Pros.*, 891 F. Supp. 2d 418, 428 (E.D.N.Y. 2012) (quoting 42 U.S.C. § 12102(1)). "A claim of disability discrimination under the NYSHRL is governed by the same legal standards as govern federal ADA claims." *Brizzi v. Utica Mut. Ins. Co.*, 529 F. Supp. 3d 44, 56 (E.D.N.Y. 2021) (alteration omitted) (quoting *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006)).

Plaintiff's disability discrimination claim suffers from the same deficiencies it did in *Harkins I*. That is, Plaintiff has failed to plausibly allege that Defendant regarded her as having an impairment that substantially limits one or more of her major life activities. Instead, Plaintiff's complaint provides, in conclusory fashion, that Defendant regarded Plaintiff as having an unspecified "mental health diagnosis," or "mental illness," and the amended complaint is devoid of facts suggesting that Defendant's denial of settlement services for her accounts was based on a qualifying disability within the meaning of the statute. In other words, Plaintiff has alleged no facts tying Defendant's purported refusal with an alleged disability. Accordingly, Plaintiff has failed to state a plausible claim for violation of the ADA, or any claim for disability discrimination sounding in state law, and therefore Plaintiff's disability discrimination claim is dismissed.[2]

---

[2]   To the extent Plaintiff's complaint alleges a cause of action for negligent infliction of emotional distress, any such claim would be dismissed for the same reasons discussed below at section II, *infra*.

### C. Sanctions

Defendant also moves for sanctions in the form of a filing injunction, enjoining Plaintiff from filing further vexatious litigation against it. (Dkt. 9-1 at 13). Defendant contends that sanctions are appropriate when a *pro se* Plaintiff has a history of submitting multiple frivolous claims, and that this Court has previously used Rule 11 of the Federal Rules of Civil Procedure to impose sanctions on *pro se* litigants who file frivolous or baseless claims. (*Id*. at 13-14).

The Court has the power, pursuant to the All Writs Act, 28 U.S.C. § 1651, to issue an injunction limiting vexatious litigation. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (a district court has "the power and the obligation to protect the public and the efficient administration of justice from [a vexatious litigant's] litigious propensities"). "[T]he traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *Id*. Instead, the Second Circuit Court of Appeals has enumerated five factors to be considered in restricting a litigant's access to the court system:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (quotation omitted). Further, it is well-settled that *pro se* parties are not immune from Rule 11 sanctions. *Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018).

Plaintiff filed her first case against Defendant in 2020. (*Harkins I*, Dkt. 1). She was afforded an opportunity to amend her complaint (*id.*, Dkt. 21; Dkt. 22), but still failed to plausibly state a disability discrimination claim and that claim was dismissed with prejudice (*id.*, Dkt. 31). Plaintiff appealed the Court's decision to the Second Circuit (*id.*, Dkt. 33), and the Second Circuit dismissed Plaintiff's appeal because it "lack[ed] an arguable basis either in law or in fact" (*id.*, Dkt. 39). Plaintiff filed her second case against Defendant in October 2023. (*Harkins II*, Dkt. 1). As explained above, the factual circumstances forming the basis for the claims in *Harkins II* were the same as those forming the basis for the claims in *Harkins I*. The Court again dismissed Plaintiff's claims. (*Id.*, Dkt. 14). Then, Plaintiff filed the instant action in 2024, again raising virtually the same allegations. Since Plaintiff filed her first case in 2020, Defendant has been forced to file four separate motions to dismiss or to otherwise defend against Plaintiff's claims, which have been previously held to be implausible or to lack a basis in fact or law.

Although Plaintiff has demonstrated a consistent pattern of making duplicative and meritless filings, she has not yet been warned of the repercussions of such conduct. Taking into account her *pro se* status and lack of legal training, the Court will not impose a filing injunction at this time. *See, e.g., Commer v. Am. Fed. of State, Cnty., & Mun. Employees*, 272 F. Supp. 2d 332, 340 (S.D.N.Y. 2003) ("[B]ecause Commer is a *pro se* plaintiff, the Court declines to impose [Rule 11] sanctions for conduct about which Commer has not

been explicitly warned."), *aff'd*, 390 F.3d 203 (2d Cir. 2004); *see also Ferguson*, 739 F. App'x at 22 (before imposing injunction, court must afford the plaintiff notice and the opportunity to be heard); *Benitez v. King*, 298 F. Supp. 3d 530, 543 (W.D.N.Y. 2018) ("courts that have imposed sanctions against *pro se* litigants frequently have attached importance to the fact that the litigant previously had been placed on notice that he or she was on the verge of violating Rule 11" (citation omitted)).  **However, Plaintiff is now placed on notice and warned that she may not engage in the aforementioned filing practices—specifically, the duplicative, frivolous claims she has brought against Citizens in three separate cases, and she is strongly cautioned that any further frivolous conduct on her part, including bringing further cases against Defendant raising the same claims she has raised previously, may result in the entry of a filing injunction against her.  Plaintiff is further warned that her further pursuit of such claims could result in the imposition of other types of sanctions, such as monetary sanctions.**

## II.    Motion to Amend (Dkt. 11)

Plaintiff has filed a motion for leave to file an amended complaint.  (Dkt. 11). Defendant opposes the motion. (Dkt. 13). For the reasons explained below, Plaintiff's motion to file an amended complaint is denied as futile.

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted); *Gomez v. USAA Fed. Sav. Bank*, 171

F.3d 794, 795-96 (2d Cir. 1999) (*pro se* plaintiffs, whether proceeding *in forma pauperis* or those who have paid the filing fee, should be permitted to at least once amend their complaint when it "gives any indication that a valid claim might be stated"). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

Plaintiff has provided the proposed amended complaint with her motion and the Court has reviewed it. (*See* Dkt. 7). Plaintiff's amended complaint alleges a claim for slander and a claim for negligent infliction of emotional distress. For the following reasons, the Court concludes that permitting Plaintiff to file an amended complaint would be futile, and therefore Plaintiff's motion for leave to amend her complaint is denied.

With respect to the slander claim, the Court may deny a motion for leave to amend as futile where the proposed amended claims are time-barred. *See 421-A Tenants Ass'n, Inc. v. 125 Court St. LLC*, 760 F. App'x 44, 51 (2d Cir. 2019) (affirming denial of motion for leave to amend where proposed amendments did not change the fact that claims were barred by the statute of limitations); *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 397 (E.D.N.Y. 1998) ("A motion to amend the complaint may be considered futile if the claims sought to be added are barred by the relevant statute of limitations."); *see also Burton v. Wells Fargo Bank, N.A.*, No. 23-CV-05520, 2024 WL 3173898, at *2 (E.D.N.Y. June 26, 2024) (denying leave to amend as futile when dismissing claims for lack of subject matter jurisdiction and insufficient service of process and because the claims were time-barred,

- 15 -

among other reasons).  The one-year statute of limitations for a slander claim "begins to accrue on 'the date of the publication or utterance of the allegedly slanderous statement[.]'" *See Uddoh v. United Healthcare*, No. 16-cv-1002 (BMC) (LB), 2017 WL 563973, at *4 (E.D.N.Y. Feb. 10, 2017) (quoting *Cullin v. Lynch*, 113 A.D.3d 586 (2d Dep't 2014)); *see also* N.Y. CPLR 215(3).

Plaintiff's slander claims across her cases stem from alleged statements Defendant allegedly made to an entity called Lifespan regarding Plaintiff's account information and her mental status.  In *Harkins II*, Plaintiff alleged that Defendant's slanderous statements occurred in 2018 and 2019, well outside the one-year statute of limitations.  Plaintiff's amended complaint in this action again includes the allegations concerning statements made to Lifespan, and therefore any claim for slander based on those communications would be time-barred.  Plaintiff further alleges that Defendant falsely accused her of engaging in unethical conduct, and that this occurred in "summer 2023"—but given this action was filed in November 2024, any alleged slanderous statements in summer 2023 still would be outside the relevant statute of limitations period.  Accordingly, there would be no useful purpose—particularly given the history of Plaintiff's repeated efforts to sue Defendant—to allow Plaintiff an attempt to amend her complaint to add a slander claim.

To the extent Plaintiff claims in her amended complaint that Defendant's actions violated the Gramm-Leach-Bliley Act, it is well-settled that there is no private right of action to bring such a claim.  *See, e.g., Farley v. Williams*, No. 02-CV-0667C(SR), 2005 WL 3579060, at *3 (W.D.N.Y. Dec. 30, 2005) ("Every case to have addressed the issue has held that the GLBA does not provide for a private right of action."); *see also Shostack*

- 16 -

*v. Diller*, No. 15-CV-2255 (GBD)(JLC), 2015 WL 5535808, at *7 (S.D.N.Y. Sept. 16, 2015) ("It is well-settled that the GLBA does not provide for a private right of action."), *adopted*, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016).  Accordingly, any amendment of the complaint to add such a claim would be futile.

Finally, as to Plaintiff's claim for negligent infliction of emotional distress, amendment of her complaint to add such a claim would also be futile.  "To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021).  Plaintiff also must show that she suffered "an emotional injury from defendant's breach of a duty which unreasonably endangered her own physical safety." *Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996); *see also Gartenberg v. Cooper Union for the Advancement of Science & Art*, ___ F. Supp. 3d ____, 2025 WL 401109, at *23 (S.D.N.Y. Feb. 5, 2025), *reconsideration denied*, 2025 WL 602945 (S.D.N.Y. Feb. 25, 2025).  Here, neither Plaintiff's original complaint nor her amended complaint alleges any facts supporting that Defendant's conduct placed Plaintiff at risk of physical injury, or that Defendant caused Plaintiff to fear for her personal safety.  Rather, she alleges only that Defendant treated her unfairly.

Further, banks do not owe any duty of special care to borrowers, and therefore Plaintiff is hard-pressed to assert a negligence claim against Defendant.  *See, e.g.*, *Bell v. Deutsche Bank*, No. 18-CV-01593 (JMA) (GRB), 2019 WL 4917901, at *7 (E.D.N.Y.

Sept. 30, 2019) (dismissing the plaintiff's claim for negligent infliction of emotional distress, "because plaintiffs' allegations are conclusory and fail to plead that Deutsche Bank owed them a duty"); *see also Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 236 (E.D.N.Y. 2013) ("It is well settled under New York law that a lender is not in a fiduciary relationship with a borrower, and thus a lender does not owe a borrower any special duties.")). Accordingly, Plaintiff is not permitted to amend her complaint to add a claim for negligent infliction of emotional distress, since any such amendment would be futile.

In sum, Plaintiff has had several opportunities to assert claims against Defendant based on the same set of facts, and on each occasion, she has failed to rectify the defects in her pleadings. Each of her complaints has fallen short of stating a claim—whether it is framed as a claim for discrimination, slander, or negligent infliction of emotional distress. The Court will not permit Plaintiff yet another opportunity to allege a claim against Defendant. For all those reasons, Plaintiff's motion to file an amended complaint is denied. Her remaining motions for miscellaneous relief (Dkt. 3), for a subpoena (Dkt. 4), and to appoint counsel (Dkt. 12) are denied as moot.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 9) is granted, but the request for a filing injunction is denied. Plaintiff's motion to amend (Dkt. 11) is denied as futile. Plaintiff's remaining motions (Dkt. 3; Dkt. 4; Dkt. 12) are denied as moot.

**As set forth above, Plaintiff is now placed on notice and warned that she may not engage in the duplicative, frivolous claims she has brought against Citizens in three separate cases, and she is strongly cautioned that any further frivolous conduct on her part, including bringing further cases against Defendant raising the same claims she has raised previously, may result in the entry of a filing injunction against her. Plaintiff is further warned that her further pursuit of such claims could result in the imposition of other types of sanctions, such as monetary sanctions.**

The Clerk of Court is directed to enter judgment in favor of Defendant and to close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:  May 12, 2025
         Rochester, New York